Commonwealth Trust Company could have maintained
a joint action against the Rolands and the Lighting
Company upon their several and distinct promises to
pay. The warrants of attorney in the several instru-
ments did not change the relation in which the parties
stood to the debt, nor to each other: H. S. Blatt Co.
v. McCarthy, supra. Where the several liabilities of
two defendants to a plaintiff are different there is no
right to enter a joint judgment against them at any
time. The defect in such a judgment could not have
been cured by an amendment in the court below. Such
a defect strikes much deeper than that which exists
where there is merely a premature entry of a judgment
which the plaintiff could have entered on a later day.
We cannot view the entry of such a joint judgment as a
mere irregularity of procedure which can be waived.
The defect is fundamental, for the reasons stated, and
renders the judgment void. It follows that it was error
to refuse to strike it off. As there was no valid judg-
ment, the appeal from the order opening the judgment
will have to be dismissed.

The judgment in this appeal is reversed, the rule to
strike off the judgment is reinstated, and the judgment
entered against the appellants is stricken off.

---

.Pasco Rural Lighting Company, Appellants, *v.*
Roland et al.   (No. 2)

Argued March 12, 1926. Appeal No. 7, March T.,
1926, by plaintiff, from judgment of C. P. Dauphin
County, June T., 1923, No. 862, in the case of Pasco
Rural Lighting Company, now for the use of the Com-
monwealth Trust Company, v. Basil M. Roland, Mrs.
Basil M. Roland and Pasco Rural Lighting Company.

Before Porter, P. J., Henderson, Trexler, Keller, Linn and Gawthrop, JJ.    Appeal dismissed.

Opinion by Gawthrop, J., April 30, 1926:

This appeal from an order opening a judgment was argued with the appeal to No. 8, March Term, 1926. For the reasons therein stated the appeal is dismissed.

---

## Graham *v.* City of Philadelphia, Appellant.

*Philadelphia county prison—Board of inspectors—Salaries of employees—Acts of April 14, 1835 P. L. 232; May 21, 1879, P. L. 72; and June 25, 1919, P. L. 581.*

The Act of April 14, 1835, P. L. 232, giving the Board of Inspectors of the Philadelphia County Prison the right to fix the salaries of persons employed by them, has not been repealed by the Acts of May 21, 1879, P. L. 72, and June 25, 1919, P. L. 581, and the employees are entitled to recover such salaries from the City of Philadelphia, even though the City Council has not appropriated the amount necessary to pay them.

*Statutes—Repeal by implication.*

The repeal of statutes by implication is not favored in Pennsylvania, and the principle will not be applied unless the intention clearly appears, or there is a clear intent to establish a uniform and mandatory system as to the municipal classification acts, or where an act is passed to carry into effect a mandatory provision of the constitution.

Argued March 9, 1926.    Appeal No. 46, October T., 1926, by appellant, from judgment of C. P. No. 5, Philadelphia County, September T., 1924, No. 5823, in the case of Robert Graham v. City of Philadelphia. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.    Affirmed.

Assumpsit for salaries of employees of the Board of Prison Inspectors of Philadelphia County.    Before Martin, P. J.

The facts are stated in the opinion of the Superior Court.